Tindall Den d. v. Conover.

## TINDALL v. DEN EX DEM. CONOVER.

1. The lessor of the plaintiff covenanted to make and deliver at the end of a year, "a good and sufficient deed with covenants of warranty," for a farm of 150 acres, then in the possession of the defendant; all the green grain growing in the ground at the time of executing the deed, *to pass* to the defendant. The defendant covenanted to pay therefor $35 per acre, with interest from day prior to date of contract. Such covenant, it seems, imports an undertaking to convey a good title.

2. The defendant, by this covenant, recognized the plaintiff's title, and agreed to hold under him for one year; and on refusal to complete the contract, was bound to deliver up the possession.

3. One who has kept, as well as one who has obtained the possession of land by means of an agreement to purchase, is estopped from setting up any thing in opposition to its terms or intent, or to title of vendor, in a suit brought to recover such possession.

*Error to the Supreme Court.*

Elias W. Conover, the plaintiff below, brought ejectment against Aaron Tindall for lands in the county of Mercer. On the trial at the Circuit, he offered in evidence an article of agreement under seal between himself and Tindall, dated 8th April, 1842, by which he, Conover, in consideration, &c. covenanted "to make and deliver to the said Tindall, on the first day of April (then) next, a good and sufficient deed, with covenants of warranty for the farm, &c. now occupied by said Tindall, containing about 150 acres, for the price, &c. All the green growing grain in the ground at the time of executing the deed, to pass to Tindall." 2. Tindall in consideration, &c. covenanted "to pay for the said land at the rate of thirty-five dollars per acre, &c. as follows, viz: one-third of said purchase money to be secured by bond with good personal security, payable 1st April, 1845, with interest from the 1st day of April, 1842, the remaining two-thirds to be secured by bond and mortgage, &c. payable in five equal instalments, on the first day of April, in the years 1846, 1847, 1848, 1849, and 1850, with interest from the first day of April, 1842. The green grain now on the farm is to be the property of said Tindall." For the faithful performance of this contract the parties bound themselves in the

sum of $1500, to be paid, &c. as a forfeit by way of stipulated damages.

The plaintiff proved the covenant, and further the tender by him of a deed according to its conditions, and the refusal by Tindall to accept the deed, and to comply with his part of the contract. It appeared in evidence that Tindall had resided on the farm ten or twelve years, that on the tender of the deed he said he could not think of taking the farm, because his father was deceased, and he had nobody to back him. The contract not having been complied with, Conover demanded possession. The plaintiff rested his cause, and the counsel of the defendant moved to nonsuit; the court refused to nonsuit, and a bill of exceptions was taken.

The counsel of the defendant then offered to prove that the plaintiff had no title at the time the article of agreement was entered into, or at the commencement of the action, and also that the defendant did not enter into possession of the premises under the plaintiff, but under one Gillingham, and that he had been in possession for several years previous to 6th April, 1842. In support of this opening, he offered in evidence a lease for the premises, from Gillingham, to the defendant, dated 31st Dec. 1834, for seven years, from the 1st of April, then next : Also the conditions of public sale of said property, dated 15th Nov. 1841 : also a petition by Conover presented to the Orphans' Court of Mercer, June Term, 1842, for the appointment of commissioners to divide the premises : also the proceedings of the Orphans' Court on said application : also the deed of the said Commissioners to Conover for the said premises. All which several papers the court overruled as illegal and incompetent evidence, except so far as they might operate to shew fraud or imposition in Conover in making the contract with Tindall. A second bill of exceptions was therefore prayed by the counsel of the defendant. A verdict was rendered and judgment entered for the plaintiff. (a)

The cause was argued on error by *W. Halsted*, for plaintiff, and *P. D. Vroom*, for defendant.

(a) See 1 *Spenc.* 21. HORNBLOWER, C. J. and NEVIUS, J. having expressed opinions in the court below, did not sit in this court during the argument of this cause.

Tindall Den d. v. Conover.

*For the plaintiff in error.* The court should have nonsuited the plaintiff below. The article of agreement was no evidence of title. There is no recital that the title was in Conover. At any rate not conclusive, and the defendant should have been permitted to shew that he did not enter under Conover but under one Gillingham. An agreement to buy does not conclude title, unless possession is obtained under the agreement, or unless there is an entry upon a vacant possession. *Jackson* v. *Ayres,* 14 *John.* 224, cannot be supported. All the cases go upon the ground of entering under the agreement. *Osterhont* v. *Shoemaker,* 3 *Hill,* 513 ; *Jackson* v. *Croy,* 12 *John.* 427 ; *Jackson* v. *Harder,* 4 *Ib.* 210 ; *Jackson* v. *Stewart,* 6 *Ib.* 34 ; *Jackson* v. *De Walts,* 7 *Ib.* 158 ; *Jackson* v. *Hinman,* 10 *Ib.* 292 ; *Blight's Lessee* v. *Rochester,* 7 *Wheat.* 535 (549 ;) *Willison* v. *Watkins,* 3 *Petersd.* 44 (56 ;) *Watkins* v. *Holman,* 16 *Ib.* 54 ; 2 *Sm. L. Cas.* 452, 471 *(top page ;)* 2 *U. S. Dig.* 200, § 33 ; 1 *Greenl. Ev.* §§ 25, 26.

In a mere estoppel in pais, bad faith is necessary. *Hayne* v. *Maltby,* 3 *T. R.* 439 ; *Dezell* v. *Odell,* 3 *Hill* 223 ; *Reynolds* v. *Lownsberry,* 6 *Hill* 534.

*For the defendant.* The defendant below was estopped by his agreement. He recognized the title of Conover and admitted himself in possession under him. But the offer was specific and did not go to shew any want of title in Conover at the time of making the agreement; the lease had expired six days previously. The defendant did not offer to shew that he had entered under a title superior or adverse to that of Conover, nor that Conover had no privity with Gillingham. The defendant admitted himself to be in possession under Conover, agreed to pay interest from the day on which the lease expired, and took a grant of the green corn. Such acknowledgment of holding under Conover, was equivalent to entry under him. *Jackson* v. *Ayres,* 14 *Johnson* 224 ; *Jackson* v. *Reynolds,* 1 *Caines* 444 ; *Whitesides* v. *Jackson,* 1 *Wendell* 418 ; and cases cited on the other side.

The court affirmed the judgment.

*For Affirmance*—WHITEHEAD, CARPENTER, RANDOLPH, PORTER, SCHENCK, SPENCER, SPEER and SINNICKSON—8.

*For Reversal*—The CHANCELLOR and ROBERTSON—2.

CARPENTER, J. delivered the opinion of the court.

It was not disputed on the argument, but that the language of the covenant, " to deliver a good and sufficient deed with covenants of warranty," related to something more than the form of the instrument; that it related to the title, and imported an understanding to convey a good title. Assuming so much, it was argued by the counsel of the plaintiff below, that it was such an acknowledgment of the title of the vendor, by the vendee, that upon breach of the agreement, and ejectment brought for the possession, the vendee was estopped from denying the plaintiff's title.

The counsel of the defendant below, (who is the plaintiff in error,) on the other hand insisted that such an estoppel can only arise where the vendee has acquired the possession by virtue of the contract; and not to the case of a contract to purchase by one previously in possession. That in case of possession acquired by means of a contract to purchase, if the vendee refuses to complete the contract he must relinquish the possession to the vendor from whom he received it; and upon ejectment brought, cannot deny the vendor's title, who may in such case recover upon the contract without further evidence of title. He insisted that this principle only applies to those cases where possession has been acquired by such recognition of the vendor's title.

Whatever may be the limits of the rule, it has been held and it seems to me justly, that repeated applications to purchase by the defendant to the lessor of the plaintiff, affords a presumption that the defendant came in or held under him. *Jackson* v. *Croy*, 12 *Johnson* 427. This if it goes no further, disposes of the first exception as to the refusal of the judge to non-suit. The contract to take a deed at the end of the year and to pay interest in the mean time, at any rate, formed a *prima facie* case and entitled the plaintiff to recover unless rebutted.

This brings us to the chief inquiry, whether the defendant was concluded by this contract from denying the title in an action to recover the possession. The defendant who denies that he was so concluded, offered to show that he was previously in possession by proof that he held under a lease from one Gillingham from 1st April 1835 for seven years, ending 1st April 1842, five days prior to the contract. It seems to me that holding the possession under the contract is equivalent to an actual entry by virtue of the contract: that the keeping the possession is equivalent to obtaining the possession. That it is within the rule when a party has kept as well as obtained the possession of land, which otherwise he would not have had, by means of an agreement to purchase, and that he is equally estopped from setting forth anything in opposition to its terms or intent in a suit brought to recover such possession. In this case the contract to purchase was made on the 6th April, 1842. The defendant agreed to receive, one year afterwards, a deed with covenants of warranty; to take at the end of the year a title from the lessor of the plaintiff, and to pay interest upon the price of land from the date of the contract, or rather from the first day of April. He contracted to take the grain growing on the ground as well the crop at the date of the contract, as also that which would be at the time of executing the deed, which was "to pass" to him by virtue of the contract. It seems to me that this was an agreement to hold for that year under the plaintiff. Whatever might have been the previous rights of the defendant, or those under whom he may previously have held, with his eyes open, he enters into this engagement to hold for one year under the plaintiff, and at the end of the year to accept a title from him. The plaintiff for one year was prevented from asserting any right he may have had to the possession. Under the contract and in consequence thereof, he consented to the occupation of the premises by the purchaser, from the time of making the contract until the time when the deed was to be delivered. Under these circumstances, if the purchaser refused to complete the contract, I hold that he was bound to deliver up the possession. I concur in affirming the judgment of the Supreme Court.　　　　　　　　　　　　　　　Judgment affirmed.

CITED *in* *Den* v. *Baldwin,* 1 *Zab.* 405; *Lounsberry* v. *Locander,* 10 *C. E. Gr.* 557.