This is a motion for summary judgment under Rule 3:56. The plaintiff seeks a judgment setting aside a deed from Regency, Inc., a corporation of New Jersey to Jean G.L.C. van Doorn, one of the defendants, and a money judgment against van Doorn and his wife. From the affidavits filed in the cause the undisputed facts appear to be as follows:
Regency, Inc., was incorporated under the laws of New Jersey in 1941. According to the certificate of incorporation the corporation was formed to engage in the business of buying and selling real and personal property. Five hundred shares of stock having no par value were issued for the sum of $50,000. Of this stock, 498 shares were issued in the name of Marij van Doorn, one in the name of Jean van Doorn and one in the name of Abraham H. Sles. Marij van Doorn was president of the corporation and Jean van Doorn was the treasurer and directing head of the corporation. All three stockholders were directors. Sles later retired from the corporation leaving the van Doorns as the only persons interested in the company as officers, directors and stockholders.
In December, 1941, Regency, Inc., purchased the main tract of the property in dispute for $50,000, using the money originally subscribed for the capital stock. Two adjoining tracts were later purchased for $10,000 and $10,050, respectively. The money used in these purchases was supplied by the van Doorns.
On April 10, 1942, Regency, Inc., entered into a contract with the plaintiff for extensive alterations and additions to the buildings on the property. On November 10, 1943, plaintiff instituted an action at law to recover the amount due under the contract and on February 16, 1948, recovered a judgment in the sum of $23,103.90 and $78.97 costs. The judgment has not been satisfied. *Page 469 
On January 29, 1945, while the suit was pending, Regency, Inc. conveyed all of its property to the defendant, Jean van Doorn. The conveyance was made as part payment on a claim of $290,675.79 which the van Doorns asserted against the corporation. As a result of the conveyance, a credit was given upon the claim of $129,233 and a promissory note for the balance of $161,442.79 in favor of van Doorn was executed by the corporation.
By the conveyance to van Doorn, Regency, Inc., stripped itself of all of its assets except a deposit of $50 for telephone service. At the time, in addition to the van Doorn claim, the corporation was indebted to the plaintiff in the sum of $23,103.90; to William Beyenberg in the amount of $505 and to Frank Ackerman in the sum of $1,460.63. The corporation had never engaged in business other than the transactions above described. It had no income. The property had been and still is used as a residence by the van Doorns, who paid no rent.
On April 16, 1946, Jean van Doorn and his wife conveyed a portion of the property to Howard S. Weaver, et ux. The consideration for the conveyance was the sum of $25,000.
On March 25, 1948, plaintiff filed its bill in the Court of Chancery seeking the aid of the court in the enforcement of its judgment at law. On April 23, 1948, Regency, Inc., filed a petition in bankruptcy and William Henig was elected trustee. On July 20, 1948, with the consent of the Chancellor and of the bankruptcy court, an amended bill of complaint was filed in which the trustee joined as a party defendant. In his answer the trustee admitted all of the allegations of the complaint and joined in the prayers for relief.
Upon the basis of the undisputed fact, it is clear that the conveyance from the corporation to van Doorn was made in contemplation of insolvency. It was made for a past consideration to the person who was fully informed as to the condition of the company. Hence the conveyance was in contravention of R.S.
14:14-2 and is void. Schwartz v. Maguire, 131 N.J. Eq. 578;Regina Music Box Co. v. F.G. Otto Sons, 65 N.J. Eq. 582. *Page 470 
I am of the opinion that the pleadings and affidavits show that there is no genuine issue as to any material fact and that summary judgment should be entered. Rule 3:56-3. Accordingly, judgment will be entered setting aside the conveyance dated January 28, 1945, from Regency, Inc., to Jean van Doorn, except as to that portion of the property conveyed to Howard S. Weaver and Mary R. Weaver, his wife, who are bona fide purchasers for value and without notice of the fraud. A consideration of $25,000 having been paid by the Weavers to van Doorn for the conveyance to them, I will enter judgment against Jean van Doorn personally for the sum of $25,000. The judgment will be in favor of the trustee in bankruptcy as the representative of all of the creditors of Regency, Inc.
Plaintiff urges that in addition to the judgment in favor of the trustee, there should be a money judgment against the van Doorns in favor of the plaintiff. A number of cases are cited in which the courts have pierced the corporate veil in order to prevent the perpetration of a fraud. They are not in point. The plaintiff contracted with Regency, Inc. Presumably plaintiff intended to look to the assets of Regency, Inc., for the payment of its claim. Had plaintiff intended to charge the van Doorns personally it would have insisted upon having them join in the contract. All the plaintiff can ask is that the assets of Regency, Inc., shall be made available for the payment of its claim. The fact that there are other claims and that bankruptcy has intervened does not alter the situation. The prayer for a money judgment in favor of the plaintiff against Jean van Doorn and Marij van Doorn will be denied. *Page 471