Defendants, Jean G.L. Cassel van Doorn and Marij V. Cassel van Doorn appeal from a supplemental judgment of the Superior Court, Chancery Division. The judgment which was rendered on July 15, 1949, provides, inter alia, that the defendants, Jean G.L. Cassel van Doorn and Marij V. Cassel van Doorn, make, execute and deliver a deed to premises situate at 240 Broad Avenue, in the City of Englewood, New Jersey, to William Henig, the trustee in bankruptcy of Regency, Inc., bankrupt, and that they also deliver possession thereof as well as all keys thereto. It is this latter provision concerning the delivery of possession which the defendants appeal from.
The facts are fairly well agreed upon and are substantially as follows:
On November 10, 1943, plaintiff instituted suit for the recovery of moneys due from the defendant, Regency, Inc. Prior to the entry of judgment in that case, Regency, Inc., which was at that time holder of the title to premises in question, conveyed said premises to the defendant, Jean G.L. Cassel van Doorn. The van Doorns were the only stockholders, directors and officers of said corporation. Thereafter, judgment was entered against Regency, Inc., on February 16, 1948.
On March 25, 1948, plaintiff instituted an action in the former Court of Chancery of New Jersey against Regency. Inc., and the van Doorns seeking to set aside the conveyance from Regency, Inc., to Jean G.L. Cassel van Doorn as a fraudulent conveyance.
While the action was pending and on April 23, 1948, the defendant, Regency, Inc., was adjudicated bankrupt and one William Henig was elected trustee in bankruptcy on May *Page 234 
19, 1948, and qualified as such. Thereafter, the plaintiff was given leave to amend his complaint and to add Henig as an additional defendant.
On September 13, 1948, the Chancellor entered an order, interalia, appointing William Henig receiver pendente lite of the premises in question. Said order further provided that the individual defendants shall "on or before the 15th day of September, 1948, and monthly thereafter in advance, pay to the said Receiver the sum of $450.00 per month as rent for said premises." The order further provided that the receiver, from said rents, pay taxes, sewerage charges, and fire insurance upon said premises.
On October 25, 1948, the Judge of the Superior Court rendered a written opinion, by which he determined that summary judgment should be entered setting aside the conveyance made by Regency, Inc., to Jean G.L. Cassel van Doorn, and requiring van Doorn to pay to the trustee in bankruptcy of Regency, Inc., the sum of $25,000, the proceeds he received for a part of the premises he conveyed away.
On May 3, 1949, the Appellate Division of the Superior Court issued its mandate on affirmance of the judgment below.
Thereafter, the plaintiff and the trustee in bankruptcy served a notice of motion to fix terms of supplemental judgment. After hearing of argument on the motion, the court below entered the supplemental judgment, from which the individual defendants appeal.
The two individual defendants have fully satisfied every portion of the judgment except that provision which awards to the defendant trustee in bankruptcy possession of the said premises, together with all keys thereto.
The defendants assert that they are tenants of the trustee in bankruptcy and that, therefore, they cannot be compelled to deliver up possession unless and until proper proceedings are taken to evict them as tenants. They also contend that the supplemental judgment is at variance with the final judgment affirmed by the Appellate Division of the Superior Court.
The contention that a landlord and tenant relationship exists is without merit. The defendants base their contention *Page 235 
upon the order of the court below, providing that the defendants pay a sum of $450 monthly to the receiver pendente lite, and, also, upon the fact that all the parties called this monthly payment "rent."
The relation of landlord and tenant arises from a contract, expressed or implied. There must be present the element of permission by the landlord and subordination to the landlord's title and rights on the part of the tenant.
A careful study of the record indicates no contract, either express or implied, whereby the defendants were to remain in possession as tenants. Nor is there any indication that the defendants subordinated their holding to the receiver or anyone else. On the contrary, the record shows that throughout the entire proceedings they vigorously contended and argued that Mr. van Doorn was the rightful owner.
The fact that the word "rents" was used is not persuasive of the fact that a relation of landlord and tenant was established. The word was obviously used very loosely to indicate the payments to be made to the receiver for the use of the premises. These payments were to be used for the upkeep of the premises pending the outcome of the litigation.
The contention that the supplemental judgment is inconsistent with the final judgment which was affirmed by this court is also without merit.
The Chancery Division, 1 N.J. Super. 466, and the Appellate Division, 3 N.J. Super. 173, of the Superior Court both held that the conveyance by Regency, Inc., to Jean G.L. Cassel van Doorn was fraudulent and, therefore, void. The judgment directed the defendants to make, execute and deliver "* * * a good and sufficient deed of conveyance of all of the lands and premises hereinabove described * * *."
"A good and sufficient deed is a marketable deed; one that will pass a good title to the land it purports to convey." 26 C.J.S.174, also Tindall v. Den ex. dem. Conover, 21 N.J.L. 651, 654
(E. A. 1846).
"And delivery of possession is normally essential to the transfer of a good title, and a vendee may reject title not accompanied by immediate possession unless the agreement be otherwise." American-Italian *Page 236 Building Loan Ass'n of Elizabeth v. Liotetta, 117 N.J.L. 467
(E. A. 1937); Eisler v. Halperin, 89 N.J.L. 278, 279
(E. 1916).
There is nothing in the judgment which reserves to the defendants any right, title or interest in the premises in question.
The supplemental judgment is not inconsistent with the final judgment affirmed by this court.
The judgment under review is affirmed.