William WORCH and Carolyn WORCH
*v.* William Webb KELLY

82-60                                    633 S.W.2d 697

Supreme Court of Arkansas
Opinion delivered June 1, 1982

*Don R. Brown* of *Lambert & Brown,* for appellants.

*Thompson & Arnold,* for appellee.

STEELE HAYS, Justice. This suit was brought by William Kelly, appellee, to rescind a contract to purchase appellants' 80 acre farm in Sharp County. Shortly before trial the regular chancellor recused himself and the parties entered into a stipulation pursuant to Act 357 of 1981 agreeing that Chancellor Carl B. McSpadden would sit as temporary judge and would hear the case in Fulton County. Act 357 permits the parties in civil cases to stipulate to the appointment of a temporary judge who shall be compensated by the parties. Following trial the chancellor found appellants Worches failed to deliver possession on April 30, 1981, as agreed, and therefore Kelly was entitled to a rescission of the contract and the return of his earnest monty of $12,500.00.

Appellants argue four points for reversal: First, Act 357 of 1981 is unconstitutional, rendering the decree in this case void; second, the decree is also void because the trial was held outside the judicial boundaries of Sharp County; third, the chancellor erred in holding the Worches breached the contract of sale; and fourth, the chancellor erred in not finding the provision for possession on April 30 was waived. We affirm the chancellor.

The first two points were not raised at trial and consequently will not be considered on appeal. *Wilson* v. *Wilson,* 270 Ark. 485, 606 S.W.2d 56 (1980); *Harris* v. *Byers,* 212 Ark. 1026, 208 S.W.2d 991 (1948). Further, appellants were not required to enter into the stipulation for a special chancellor, or to agree to try the case outside the district in which the suit was pending, but having chosen to do so for reasons they found sufficient, they cannot now repudiate their agreement because the result was not to their liking.

The third argument is the chancellor erred in finding a breach of contract by the Worches. Under the written contract executed April 11, 1981, Kelly was required to deposit $500.00 as earnest money and was entitled to possession on April 30, 1981. The contract fixed the closing

date as April 22, contingent upon Kelly's obtaining a loan from Federal Land Bank. There was testimony that on the day before the agreed closing Kelly had a telephone conversation with the real estate broker handling the sale, Mr. Cruthis, who told Kelly the Federal Land Bank loan had not yet been approved and that the Worches were having difficulty moving out. He suggested Mr. Kelly put up an additional $12,000.00 toward the purchase price to expedite their moving. Mr. Kelly was anxious to get possession by April 30, and on April 22 he gave Mr. Cruthis $12,000.00 upon the assurance, according to Kelly, that possession would be surrendered by April 30.

On April 30 Kelly called Cruthis and learned the loan had still not come through and was told they could not close nor could he take possession. With that, Kelly informed Cruthis he was no longer interested in purchasing the property and demanded his money back. A few days later Kelly consulted a lawyer as to how to rescind the contract and recover the $12,500.00 he had deposited with Cruthis. Around May 12 Kelly's lawyer called Cruthis and asked if clear title could be obtained that day. After checking with the title company Cruthis told him a title commitment could be issued that day.

The Worches contend there was no breach and the chancellor erred in finding that the $12,000.00 payment was made to insure possession by April 30, and also in finding there was a failure to deliver possession. These determinations were findings of fact properly within the province of the trial court and will not be set aside unless clearly erroneous. ARCP Rule 52. The evidence to support these findings is substantial. Mr. Kelly's testimony that the additional $12,000.00 payment was made to insure possession by April 30 was corroborated at trial by other testimony and by circumstantial evidence. The evidence is uncontroverted that Mr. Cruthis knew possession was important to Mr. Kelly and that on April 30 Mr. Cruthis told Mr. Kelly he could not take possession because the loan had not yet been approved. The Worches argue they did not fail to deliver possession because Kelly did not demand possession directly from them but only through the broker. However, they had

not vacated the property on April 30 and Mr. Worch said he left it up to Mr. Cruthis, who handled the negotiations between Mr. Kelly and the Worches. Mr. Cruthis testified the April 30 closing was not meant to be definite, but was merely a "target date, more or less." But Mr. Cruthis prepared the contract and the provision for possession was clear and absolute. If it was meant to be conditioned on closing, it would have been easy to say so, but it did not and the chancellor found a material breach of contract by the Sellers. The chancellor also construed the circumstances surrounding the $12,000.00 advance as making the time of delivery "the essence" of the contract with respect to performance and we concur in that view.

Finally, appellants argue the telephone inquiry by Mr. Kelly's lawyer about clear title waived the provision in the contract making the time of delivery of possession essential. We disagree. We are not convinced that a single telephone call to ask if Sellers could furnish a clear title should be construed as a waiver in the face of Mr. Kelly's unequivocal renunciation of the sale at the time of the Sellers' breach, but whatever may be said of the argument, it was not raised by the pleadings as required by ARCP Rule 8 (c), nor presented to the trial court.

The decree of the chancellor is affirmed.