FIRST SECURITY BANK of Searcy, Arkansas, Executor
of the Estate of Darrell Wayne James, Deceased *v.* John
DOE 1, 2, and 3, and United States Fire Insurance
Company

88-199                                    760 S.W.2d 863

Supreme Court of Arkansas
Opinion delivered December 5, 1988

*Boyett, Morgan & Miller, P.A.*, by: *Comer Boyett, Jr.*, for
appellant.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, for appel-
lee United States Fire Insurance Company.

DAVID NEWBERN, Justice. This case presents a question of
insurance law. The issue is whether our uninsured motorist

insurance statute requires an insurance company to provide uninsured motorist coverage to one using an insured vehicle where the named insured is a corporation and the user is an employee of the corporation. The trial court granted a summary judgment to appellee, United States Fire Insurance Company (U.S. Fire), holding the policy issued to the corporate employer provided coverage to the employee only if he were occupying the covered vehicle at the time of the injury, and concluding that in this case the employee was not an occupant. We hold that our statute which deals with uninsured motorist coverage requires that a company issuing liability insurance on a vehicle must also issue uninsured motorist coverage to one using the insured vehicle. We conclude the employee in this case was using the insured vehicle at the time the accident occurred, and we therefore need not consider whether he would have been covered under the terms of the policy as an occupant of the vehicle. The summary judgment is reversed, and the case is remanded.

The appellant, First Security Bank of Searcy, Arkansas, is the executor of the estate of Darrell Wayne James. It brought this wrongful death action on behalf of James's estate. James was co-driver of a tractor-trailer rig owned by B & D Transport, Inc. The rig was insured under a policy issued by U.S. Fire, naming B & D Transport, Inc., as the insured.

James and his stepfather, who was his co-driver, had driven the truck to Santa Clara, California. James got out of the truck and was standing in a street directing the backing of the truck to a loading dock when he was struck by one or more hit-and-run drivers and killed. The hit-and-run driver or drivers remain unidentified. If the uninsured motorist coverage applies to James, there is no question that a hit-and-run driver qualifies as an uninsured motorist.

## 1. The terms of the policy

The general provisions of the basic liability policy make it clear that coverage extends to persons, including employees of B & D Trucking, Inc., using the vehicle with permission. The uninsured motorist endorsement, however, describes "who is insured," in pertinent part as follows: "1. You [the named insured] or any family member. 2. Anyone else occupying a covered auto . . . ." U.S. Fire successfully argued to the trial

court that, as James had dismounted the truck and was standing some six to eight feet away from it at the time he was hit and killed, he was not covered by the uninsured motorist provisions because he was not occupying the vehicle when he was killed.

We have not had occasion to define the term "occupying" in the context presented here. In *Southern Farm Bureau Cas. Ins. Co.* v. *Fields*, 262 Ark. 144, 553 S.W.2d 278 (1977), we dealt with whether a school child was "occupying" a school bus. The child had left the bus and was crossing a street when she was injured. We held she was not occupying the bus because the insurance policy being interpreted defined "occupying" in such a way as to require physical contact with the vehicle. We have not had a case in which we interpreted the word as it is usually defined in insurance policies and as it is defined in the policy we now consider. That definition is, "upon, getting in, on, out of or off." Defined in that way, the term "occupying" has been given liberal interpretation in many jurisdictions. *See, e.g., Sayers* v. *Safeco Ins. Co.*, 628 P.2d 659 (Mont. 1981); *Manning* v. *Summit Home Ins. Co.*, 128 Ariz. 79, 623 P.2d 1235 (Ariz. App. 1980); *State Farm Mut. Ins. Co.* v. *Holmes*, 175 Ga. App. 655, 333 S.E.2d 917 (1985). These cases have, in general, considered matters such as the amount of time which had passed between the time the claimant departed the vehicle and the time of the injury, the relative distance of the claimant from the vehicle, whether the claimant had reached a point of safety after leaving the vehicle, and whether the claimant was still "oriented" to the vehicle. Other cases have been stricter. *See, e.g., Testone* v. *Allstate Ins. Co.*, 165 Conn. 126, 328 A.2d 686 (1973); *Miller* v. *Loman*, 518 N.E.2d 486 (Ind. App. 1987); *Greer* v. *Kenilworth Ins. Co.*, 60 Ill. App. 3d 22, 376 N.E.2d 346 (1978).

We need not determine whether James was "occupying" the vehicle, however, because we agree with the bank's argument that he was covered by the policy as a user of the vehicle because our statute requires it.

## 2. The statutory requirement

The statute in question, Ark. Code Ann. § 23-89-403 (1987), is as follows:

23-89-403. Bodily injury coverage required.

(a) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto and is not less than limits described in § 27-19-605, under provisions filed with and approved by the Insurance Commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom.

(b) However, the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage, and this rejection shall continue until withdrawn in writing by the insured.

Subsection (a) of the statute requires uninsured motorist coverage if the policy covers liability arising from use of a vehicle. The policy in question undoubtedly covered liability resulting from the use of the vehicle by a B & D employee. We conclude the statute expressed the intent of the general assembly to include in uninsured motorist coverage the persons included in liability coverage. The uninsured motorist coverage requirement is for the protection of "persons insured . . . who are legally entitled to recover damages from owners or operators of uninsured motor vehicles. . . ." Darrell Wayne James was such a person.

■ Our decision is supported by cases from other courts. First, we note the general rule that a statute governing insurance coverage becomes part of a policy affected by it. Our court of appeals has stated the principle, *Carner v. Farmers Ins. of Arkansas*, 3 Ark. App. 201, 623 S.W.2d 859 (1981), citing *Gill v. General Am. Life Ins. Co.*, 434 F.2d 1057 (8th Cir. 1970), as have courts of other jurisdictions. *See, e.g., Ex Parte State Farm Fire & Cas. Co.*, 523 So.2d 119, on remand, *Martin Motors, Inc. v. State Farm Fire & Cas. Co.*, 523 So.2d 121 (Ala. 1988); *Missouri Medical Ins. Co. v. Wong*, 234 Kan. 811, 676 P.2d 113 (1984); *Samson v. Transamerica Ins. Co.*, 178 Cal. Rptr. 343, 30 Cal. 3d 220, 636 P.2d 32 (1981); *USAA Cas. Ins. Co. v. Yaconiello*, 226 Va. 423, 309 S.E.2d 324 (1983); *Billings v. State*

*Farm Mut. Auto Ins. Co.*, 741 S.W.2d 886 (Mo. App. 1987).

We have found cases from other jurisdictions in which there was a statute similar to § 23-89-403(a) where it was held that uninsured motorist coverage was required with respect to a person injured while using a covered vehicle regardless of the terms of the insurance policy. In *National Union Fire Ins. Co. of Pittsburgh, Penn.* v. *Olson*, 751 P.2d 666 (Hawaii 1988), the United States Court of Appeals for the Ninth Circuit had certified to the Hawaii Supreme Court the question whether a statute like ours required uninsured motorist coverage of a person who was physically outside and away from the covered vehicle when the accident occurred. Olson was working as an emergency medical technician. He had arrived, with an EMT crew, at the scene of an accident and had left the insured EMT vehicle to set flares to warn approaching motorists of the presence of the remains of the accident in the highway. The statute, HRS § 431-448 (1978), required that uninsured motorist coverage be included in any liability policy insuring against loss resulting from liability for injury or death "suffered by any person arising out of the . . . use of a motor vehicle. . . ." The supreme court rejected the contention that the policy requirement limiting uninsured motorist coverage to persons "occupying" the vehicle was controlling. It was held that where there is a conflict between the language of the policy and that of the controlling statute, the policy language is void.

In *Oberkramer* v. *Reliance Ins. Co.*, 650 S.W.2d 300 (Mo. App. 1983), the same question was posed. A police officer, Oberkramer, drove his insured police vehicle to a place where it was parked and used as part of a roadblock. An uninsured motorist being pursued by other officers at a high speed lost control of his vehicle at the roadblock and crashed into Oberkramer who was standing between 25 and 50 feet away from his vehicle. A statute, RSMo § 379.203 (1978), provided that liability insurance would not be delivered in Missouri unless uninsured motorist coverage were included "for the protection of persons insured thereunder." The policy on Oberkramer's police vehicle provided liability coverage to one utilizing the vehicle with the owner's permission. The policy limited uninsured motorist coverage to "any other person while occupying an insured highway vehicle." The court of appeals held that Oberkramer

was covered because the statute prevailed over the policy language.

Other examples include *Hartford Accident & Indem. Co.* v. *Booker*, 140 Ga. App. 3, 230 S.E.2d 70 (1976), and *Federated Mut. Implement and Hardware Ins. Co.* v. *Gupton*, 357 F.2d 155 (4th Cir. 1966). *Cf.*, *Utica Mut. Ins. Co.* v. *Contrisciane*, 473 A.2d 1005 (Pa. 1984), where the court appeared to equate the terms "use" and "occupancy." For cases holding that the connection between the person who had dismounted the vehicle had become too remote to constitute "use" of the insured vehicle, *see Hite* v. *Hartford Acc. and Indem. Co.*, 344 S.E.2d 173 (S.C. App. 1986), and *Anderson* v. *Ford*, 168 Ga. App. 684, 309 S.E.2d 854 (1983).

We agree with the cases holding that a statute like § 23-89-403(a) requires uninsured motorist coverage for the user of a vehicle insured against liability, and that is our holding here.

### 3. U.S. Fire's arguments
### a. Named insured

U.S. Fire argues that a corporation's employees cannot be its "family members," and thus James does not qualify for uninsured motorist coverage because he is not a named insured. While we might agree that James did not qualify as a "family member" of the corporation which purchased the insurance, our determination that our statute requires that he be covered because he was a user of the vehicle answers the argument.

### b. Purchaser

U.S. Fire points out that in *Howard* v. *Grain Dealers Mut. Ins. Co.*, 342 F. Supp. 1125 (W.D. Ark. 1972), the federal court wrote that the purpose of the statute was "to enable Arkansas motorists purchasing automobile insurance to obtain for an additional premium" uninsured motorist protection. In view of the language of the statute requiring uninsured motorist coverage with respect to liability policies covering use of the vehicle to be insured, we cannot conclude that the only purpose of the statute was to cover purchasers.

### c. Rejection

■ U.S. Fire argues that § 23-89-403(b) permits only a named insured to reject uninsured motorist coverage, and thus it is clear that the statute intended only that the named insured be protected. The conclusion simply does not follow the premise. The focus of the insurance is on the insured vehicle. If, by not rejecting it, the owner of the vehicle purchases the coverage, the question becomes what has he or she bought. Our holding is that he or she has purchased at least the coverage contemplated by § 23-89-403(a), for the reasons stated above, and that includes coverage for one using the insured vehicle.

### d. Users of uninsured vehicles

In *Crawford* v. *Emcasco Ins. Co.,* 294 Ark. 569, 745 S.W.2d 132 (1988), and *Holcomb* v. *Farmers Ins. Exch.,* 254 Ark. 514, 495 S.W.2d 155 (1973), this court concluded that a party insured by a policy containing an uninsured motorist provision was not covered when driving another owned vehicle which was not listed in the policy. The policies in question contained clauses limiting coverage by stating that the uninsured motorist coverage would not apply when occupying an owned but not insured vehicle. It was argued that the coverage limitation was in violation of § 23-89-403, and we held that it was not.

■ U.S. Fire argues that if an insurer can limit coverage in that manner it follows *a fortiori* that it can limit uninsured motorist coverage, as in the policy in this case, only to occupants of the insured vehicle. "*A fortiori*" is a term of logic meaning "with stronger reason" or "much more." Black's Law Dictionary (5th ed. 1979), p. 56. Our decision in the *Crawford* case made it clear why it follows not at all. There we stated clearly that the insurance coverage required by the statute is, as noted in part 3. c. of this opinion, not personal insurance but vehicle insurance. We were not required in that case to consider a possible exception to that conclusion with respect to coverage of the named insured and his or her family members.

### e. Non-user cases

U. S. Fire quotes language from *Mullis* v. *State Farm Mut. Auto. Ins. Co.,* 252 So. 2d 229 (Fla. 1971), stating that, under

Florida law, a named insured and members of the insured's household were given the same protection they would have if the uninsured motorist had complied with the financial responsibility law of that state, but that other coverage under the policy is restricted to persons occupying the insured vehicle. In that case, the minor son of the named insured was riding an uninsured motorcycle when he was injured, and it was held that the uninsured motorist coverage applied to cover his injuries. Nothing was said about Florida law with respect to uninsured motorist coverage for one, other than a named insured, using a vehicle as to which uninsured motorist coverage applied. Other Florida cases cited by U.S. Fire, *Velasquez* v. *American Manuf. Mut. Ins. Co.*, 387 So. 2d 427 (Fla. App. 1980), and *Thiem* v. *Hertz Corp.*, 732 F.2d 1559 (11th Cir. 1984), are equally inapplicable to the discussion here, because they do not deal with the question whether a person is entitled to uninsured motorist protection because he or she is using an insured vehicle.

Also cited is *Allstate Ins. Co.* v. *Graham*, 106 N.M. 779, 750 P.2d 1105 (1988), where the sole question was whether injured persons were occupying an insured car when they were out of the insured car observing or helping in the changing of a wheel on another vehicle to which they had driven in the insured car. A third car, driven by an uninsured motorist, injured them. There was no indication that the New Mexico law required uninsured motorist coverage for a person using an insured vehicle or whether the insured vehicle was being used by the injured parties at the time of the injury.

Other cases cited by U.S. Fire include *Polzin* v. *Phoenix of Hartford Ins. Companies*, 5 Ill. App. 3d 84, 283 N.E.2d 324 (1972), and *Reaves* v. *Farm Bureau, Town and Country Ins. Co. of Mo.*, 706 S.W.2d 911 (Mo. App. 1986). In the *Polzin* case, a pedestrian was struck on a street corner by an uninsured motorist. He had purchased a car and transferred title to the corporation which employed him. The policy provided uninsured motorist coverage to the corporation. The court pointed out that the plaintiff was neither occupying nor using the car at the time he was injured, thus there was no possibility of coverage, as he was not the named insured. In the *Reaves* case, it was held that where the driver of a truck, who was neither a named insured nor a member of the named insured's family, left the truck where it

broke down, walked away, and was struck by an uninsured motorist two miles from the truck, he was neither occupying nor using it. The court specifically distinguished the *Oberkramer* case, discussed above, where it was held that the policeman was using the police car in the roadblock while he was standing some 25 to 50 feet away from it.

We find nothing in any of these cases to raise any doubt about our conclusion that our statute requires uninsured motorist coverage be provided an employee using his employer's vehicle which is insured with uninsured motorist coverage.

### Conclusion

In the *Fields* case we held there was nothing to preclude an insurer from limiting uninsured motorist coverage to occupants of the insured vehicle as far as passengers were concerned. Here we draw a distinction between users, who are protected by the statute, and passengers who are not, and we hold that uninsured motorist insurance coverage may not be limited so as to exclude a user of an insured vehicle.

Reversed and remanded.

HICKMAN, J., not participating.