ESTATE OF Allen BAKER *v.*
COLUMBIA MUTUAL INSURANCE COMPANY

CA 00-367                                          32 S.W.3d 36

Court of Appeals of Arkansas
Division II
Opinion delivered November 8, 2000

*McKenzie, McRae, Vasser & Barber*, by: *Joseph P. Graham*, for appellant.

*McMillan, Turner, McCorkle & Curry*, by: *E. Shane Springs*, for appellee.

JOSEPHINE LINKER HART, Judge. Appellant challenges the trial court's granting of summary judgment in favor of appellee, Columbia Mutual Insurance Company. Appellant's complaint sought to obtain $25,000, the minimum statutory amount for uninsured motorist bodily injury coverage, under a policy issued by appellee to Allen Baker's employer, Kenneth Madlock, doing business as Madlock Auto Glass & Body. Appellant argues that appellee failed to obtain a written rejection of the coverage and that a written rejection is required by state law. Further, appellant argues that even if a written rejection of uninsured motorist bodily injury coverage is not required under state law, there still remained a material issue of fact regarding whether Madlock rejected such insurance coverage. We affirm.

This case was previously before this court in *Columbia Mut. Ins. Co. v. Estate of Baker*, 65 Ark. App. 22, 984 S.W.2d 829 (1999). There, we discussed the relevant facts underlying the case, and we need not repeat them here. In the earlier decision, we remanded this case to the circuit court, noting that a fact question remained regarding whether Madlock rejected the uninsured motorist bodily injury coverage.

On appeal, appellant argues that written rejection of uninsured motorist coverage is required under state law and that appellee failed to present written evidence of Madlock's rejection of that coverage. The relevant statute for rejection of uninsured motorist bodily injury coverage provides, "However, the coverage required to be provided under this section shall not be applicable where any insured named in the policy shall reject the coverage, and this rejection shall continue until withdrawn in writing by the insured." Ark. Code Ann. § 23-89-403(a)(2) (Repl. 1999). While the statute provides that withdrawal of the rejection must be in writing, it does not require that the rejection itself be in writing. If the legislature had intended to require the rejection to be in writing, it could easily have said so. For instance, the legislature required that if an insured purchases uninsured motorist bodily injury coverage, then written rejection of uninsured motorist property damage coverage is required for certain purposes. *See* Ark. Code Ann. § 23-89-404 (Repl. 1999). Also, written rejection of no-fault insurance is

required. *See* Ark. Code Ann. § 23-89-203 (Repl. 1999). Underinsured motorist coverage also speaks in terms of a written rejection. *See* Ark. Code Ann. § 23-89-209(a)(1) (Repl. 1999).

■ To support its claim that uninsured motorist coverage must be rejected in writing, appellant cites *Shelter Mut. Ins. Co. v. Irvin*, 309 Ark. 331, 334, 831 S.W.2d 135, 137 (1992), where the Arkansas Supreme Court stated that "like no-fault and uninsured coverage situations, insurers shall provide underinsured motorist coverage to the named insured unless such coverage is rejected in writing by the insured." The language relied upon by appellant, however, is *dicta*, as that case involved underinsured motorist coverage. Thus, based on a fair reading of the statute, we decline to hold that written rejection of uninsured motorist bodily injury coverage is required.

■ Appellant further argues that even if written rejection of uninsured motorist bodily injury coverage is unnecessary, there remained a material issue of fact regarding whether Madlock rejected such coverage. On appeal, the standard of review of a summary judgment is well-settled. Recently our supreme court restated the standard of review in *Welch Foods, Inc. v. Chicago Title Ins. Co.*, 341 Ark. 515, 518, 17 S.W.3d 467, 469 (2000), as follows:

> Our review of a trial court's summary judgment focuses on whether the evidence presented by the movant left a material question of fact unanswered. *Mashburn v. Meeker Sharkey Financial Group, Inc.*, 339 Ark. 411, 5 S.W.3d 469 (1999). The moving party bears the burden of sustaining the motion, and the proof submitted is viewed in a light most favorable to the party resisting the motion. Once the moving party establishes a prima facie entitlement to summary judgment by affidavits or other supporting documents or depositions, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Flentje v. First National Bank of Wynne*, 340 Ark. 563, 11 S.W.3d 531 (2000).

*See also* Ark. R. Civ. P. 56.

■ We conclude that there are no remaining material issues of fact. In support of its motion for summary judgment, appellee submitted two affidavits. In one affidavit, Madlock, the insured, stated that he was offered and that he declined uninsured motorist coverage. In the other affidavit, Steve Buelow of Anderson-Frazier Insurance Agency stated that he issued the policy to Madlock and

offered uninsured motorist coverage to him, but that it was declined. Appellant presented to the trial court the deposition of Madlock, but in that deposition, Madlock essentially reiterated what he stated in his affidavit. Given this evidence, we must conclude that no material issue of fact remains; Madlock rejected uninsured motorist bodily injury coverage. Thus, we affirm the trial court's granting of summary judgment in favor of appellee.

Affirmed.

PITTMAN and MEADS, JJ., agree.