JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Annette Gonzalez ("Gonzalez") appeals the judgment of the Cuyahoga County Court of Common Pleas, which denied her motion for summary judgment and granted the motions for summary judgment of appellees Travelers Indemnity Company of Illinois ("Travelers") and TIG Insurance Company ("TIG"). For the reasons that follow, we affirm.
 {¶ 2} On December 11, 1996, Gonzalez exited a bar and was walking along the sidewalk on Clifton Avenue in Cleveland when she was struck and injured by a vehicle operated by Ekrami Ayoub. Ayoub's liability carrier tendered its policy limits of $12,500 to Gonzalez, and a release was executed on December 5, 1997.
 {¶ 3} Gonzalez alleged that at the time of the accident she was employed by Dillard's Department Stores ("Dillard's"). Dillard's was insured by Travelers under a commercial auto policy and by TIG under a coverage plus excess liability policy. Dillard's was the named insured under the policies.
 {¶ 4} Gonzalez filed a complaint against Travelers and TIG on May 13, 2002, seeking to have underinsured motorist ("UIM") coverage imposed by law under the respective policies. All parties moved for summary judgment.
 {¶ 5} The trial court denied Gonzalez's motions and granted Travelers and TIG's motions. The trial court determined that Arkansas law applied, that Gonzalez failed to give timely notice of her claims and the failure was prejudicial, and that Gonzalez materially prejudiced the subrogation rights of Travelers and TIG.
 {¶ 6} Gonzalez appeals the judgment of the trial court and asserts two assignments of error for this court's review:
 {¶ 7} "I. The trial court erred in granting Defendant-Appellees Travelers Insurance Company and TIG Insurance Company's Motions for Summary Judgment and [d]enying Plaintiff-Appellant's Motions for Summary Judgment by applying Arkansas law in order to determine the rights and duties of the parties with respect to the Travelers and TIG Policies issued to Dillard's Department Stores."
 {¶ 8} "II. The trial court erred in granting Defendant-Appellees Travelers Insurance Company and TIG Insurance Company's Motion for Summary Judgment and [d]enying Plaintiff-Appellant's Motions for Summary Judgment by finding that appellant's failure to give timely notice and failure to protect Traveler's and TIG's alleged right of subrogation materially prejudiced appellees by failing to allow appellant the opportunity to rebut the presumption of prejudice pursuant to the Ohio Supreme Court's holding in Ferrando v. Auto-Owners Mut. Ins. Co., [98 Ohio St.3d 186, 2002-Ohio-7217]."
 {¶ 9} We need not address the above assignments of error in light of the recent opinion by the Ohio Supreme Court in Westfield Ins. Co. v.Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849. In Galatis, the court held: "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Id. at paragraph two of the syllabus.
 {¶ 10} Under the facts of this case, the named insured under the policies was a corporation, Dillard's. Since Gonzalez's loss did not occur within the course and scope of her employment, Gonzalez is not an insured for UM/UIM purposes under the policy. See Id. Therefore, regardless of whether Ohio or Arkansas law is applied, Gonzalez is not entitled to underinsured/uninsured motorist coverage. See Id.; Monday v. Canal Ins.Co. (2002), 348 Ark. 435, 73 S.W.3d 594; First Security Bank of Searcyv. John Doe (1988), 297 Ark. 254, 760 S.W.2d 863. We affirm the judgment of the trial court, albeit for another reason. Joyce v. Gen. MotorsCorp. (1990), 49 Ohio St.3d 93, 96. The assigned errors lack merit. The judgment is affirmed.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Patricia Ann Blackmon, P.J., And Anne L. Kilbane, J., Concur.