UNION SAWMILL COMPANY *v*. PACE, CAMPBELL & DAVIS.

Opinion delivered April 14, 1924.

1. ATTORNEY AND CLIENT—WHEN LIEN ATTACHES.—The lien of an attorney on his client's cause of action attaches, under Crawford & Moses' Dig., § 628, when complaint is filed and summons issued; the term "commencement of an action," employed therein, being defined by § 1049, *Id*.

2. ATTORNEY AND CLIENT—ATTACHING OF LIEN—DUE PROCESS.—Crawford & Moses' Dig., § 628, giving attorneys a lien on their client's cause of action from the time complaint is filed and summons issued, does not deny due process, since the filing of complaint and issuance of summons thereon constitute constructive notice; as it is only where property is taken without any notice, actual or constructive, that the taking offends against the constitutional provision.

Appeal from Union Circuit Court; *L. S. Britt*, Judge; affirmed.

*Buzbee, Pugh & Harrison* and *A. S. Buzbee*, for appellant.

The mere fact that suit was instituted and summons issued, was not sufficient. It is evident that the Legislature intended that summons be served and notice given the defendant before the lien would attach. Section 1196, C. & M. Digest; 165 S. W. 715; 30 S. E. 745; 70 S. E. 1101.

*Pace, Campbell & Davis*, for appellee.

The compensation of an attorney or counsellor at law for his services is governed by agreement, express or implied, which is not restrained by law. Section 628, C. & M. Digest. A civil action is commenced by filing in the office of the proper court a complaint and causing a summons to be issued thereon. Section 1049, C. & M. Digest; 138 Ark. 10; 104 Ark. 627; 57 Ark. 459; 57 Ark. 229.

HUMPHREYS, J. This is an appeal from a judgment rendered in the circuit court of Union County in favor of appellees against appellant for $750. The case was submitted and tried upon the following stipulation:

"Comes the plaintiff, E. L. Garner, by his attorneys, Pace, Campbell & Davis, and also come the interveners,

Frank Pace, T. W. Campbell and Wallace Davis, in their own proper persons, and comes the defendant, Union Sawmill Company, by its attorneys, Buzbee, Pugh & Harrison, and said parties waive a jury and agree to submit this case to the court upon the pleadings and following statement of facts:

"On June 22, 1922, plaintiff, E. L. Garner, entered into a contract in writing with the interveners, Pace, Campbell & Davis, in which plaintiff employed interveners to bring and prosecute for him a suit for damages against the defendant, Union Sawmill Company, growing out of personal injuries suffered by the plaintiff on or about the 17th day of April, 1922, which injuries are more particularly described in the complaint in this cause, by the terms of which contract said attorneys were to receive a contingent fee of one-half of whatever amount of damages that might be recovered or received by the plaintiff, whether by litigation or compromise. A copy of said contract is hereto attached, marked exhibit 'A.'

"That, pursuant to said contract, interveners, Pace, Campbell & Davis, on June 30, 1922, prepared a complaint for the plaintiff in this cause, and on July 3, 1922, said interveners filed said complaint in the office of the circuit clerk of Union County, Arkansas, and that summons was duly issued thereon on July 3, 1922, by said clerk, and said summons on said date was duly delivered to the sheriff of Union County, Arkansas, for prompt service upon the defendant, Union Sawmill Company; that without fault or hindrance on the part of the plaintiff or interveners, but solely by oversight of said sheriff, said summons was not served on the defendant until July 24, 1922, on which date it was duly served.

"That the defendant, Union Sawmill Company, without actual knowledge that suit had been brought by the plaintiff against it or that any suit was pending against it by the plaintiff, but with actual knowledge that interveners had been employed by the plaintiff to bring and prosecute a suit for him against defendant under the

contract aforesaid, on July 19, 1922, effected a compromise settlement with the plaintiff for his claims against it growing out of the personal injuries suffered by the plaintiff on the 17th day of April, 1922, including any claim for workmen's collective insurance under any policy of such insurance that might be carried by the defendant with the Union Indemnity Company for the benefit of its employees; and defendant, in consideration of said compromise settlement on the 19th day of July, 1922, paid to the plaintiff, E. L. Garner, the sum of fifteen hundred dollars ($1,500), and said plaintiff then and there executed to the defendant a full release in writing of his said claims, a copy of which is attached hereto, marked exhibit 'B.'

"That interveners have not received nor been paid anything whatsoever upon their said contingent fee, and that said compromise settlement between plaintiff and defendant was made without the knowledge or consent of interveners, or any of them."

This appeal involves the construction of § 628 of Crawford & Moses' Digest relating to a lien of an attorney or counsellor upon his client's cause of action, and the particular question presented for determination is whether the lien attaches upon the issuance of the summons or upon the service thereof. Appellant's contention is "that the lien contemplated in this statute does not attach, in so far as appellant is concerned, and that this statute does not defeat the right of one to make settlement with a claimant of damages against him, free from any claim of claimant's attorneys, until the service of summons in an action is brought upon the claim."

When the statute involved was enacted the time at which a civil action should be regarded as commenced had been fixed by statute and determined by this court to be when a complaint was filed and a summons was issued thereon in the office of the clerk of the proper court.   Section 1049. Crawford & Moses' Digest: *Burleson* v. *McDermott*, 57 Ark. 229; *Railway Co.* y. *Shelton*, 57 Ark. 459; *Barker* v. *Cunningham*, 104 Ark. 627; *K. C.*

*S. R. Co.* v. *Akin,* 138 Ark. 10.   We think there can be no doubt that the Legislature, in the enactment of § 628 of Crawford & Moses' Digest, used the particular language, "from the commencement of an action or special proceeding" in the sense defined by § 1049, Crawford & Moses' Digest, as interpreted in the cases cited above.

Section 1049 of Crawford & Moses' Digest is broad and applies without exception to all kinds of civil cases.

Appellant suggests that this section should be confined in its application to cases involving a statute of limitations.   It is true that the cases in which said § 1049 has been involved pertain to questions of limitation and *lis pendens.*   There is nothing, however, in any of the cases or in the language of the statute indicating that the construction given the statute in these cases would not also apply in other classes of cases.

Appellant also suggests that to construe the lien as attaching before the summons is served would amount to taking property without due process of law.   We think not, for the filing of the complaint in the clerk's office and the issuance of summons thereon constituted constructive notice.   It is only when property is taken without any notice, actual or constructive, that the taking offends against the due process clause of the Constitution.

Appellant also suggests that, if the statute is construed so as to give a lien to an attorney on his client's cause of action before the service of a summons, it would necessitate a search of the records in every county where the defendant might be sued before he would be protected in compromising a cause of action with a claimant. This may be so, but it is one of the burdens placed by statute upon a defendant in order to protect an attorney or counsellor of a client to whom he has contracted his services.

Appellant also suggests that the Legislature must have intended that a lien should attach when a summons was served and not before, because it was provided in § 628 of Crawford & Moses' Digest that an attorney's lien should not attach to a counterclaim in an answer until service of the answer.   It was within the exclusive

province of the Legislature to make a distinction as to
when attorneys' liens would attach to different causes
of action, and whether it should attach to all causes of
action at the same time. There is no ambiguity in the
language making a distinction as to when the lien would
attach upon actions or special proceedings and upon a
counterclaim contained in an answer. It was to attach
upon an action or special proceeding when commenced,
and upon a counterclaim contained in an answer upon the
service of the answer.

No error appearing, the judgment is affirmed.