Joe H. CARTER v. OWENS-ILLINOIS, Inc.

77-8                                                    551 S.W. 2d 209

Opinion delivered May 31, 1977
(Division II)

*Robert S. Blatt,* for appellant.

*Bethell, Callaway & Robertson,* for appellee.

DARRELL HICKMAN, Justice. The only issue in this case is, can a federal district court and a state circuit court have jurisdiction at the same time of the same subject matter involving identical parties? The trial court ruled that they could and we agree.

The appellant, Joe H. Carter, sued the appellee, Owens-Illinois, Inc., in the Federal District Court at Fort Smith over a vehicle accident that occurred in Fort Smith. Owens filed an answer to the lawsuit and later a counter-claim for property damages. After the lawsuit was filed in federal court, Owens filed a lawsuit in Sebastian Circuit Court against Joe Carter over the same accident. Therefore, we have identical claims involving the same parties concerning the same subject matter pending in two courts at the same time.

Carter asked the federal court to enjoin the state court from hearing the lawsuit. The federal court denied the request. See *Carter v. Owens-Illinois, Inc.,* 420 F. Supp. 927 (1976). Apparently the case is still pending in federal court.

Carter next filed a motion for summary judgment in the state court asking the case to be dismissed because the federal case was filed first, involved the same matter, between the same parties. The trial court denied the motion, the case was tried before a jury, judgment was entered for Owens and denied Carter. Carter raises only the one issue of jurisdiction on appeal.

Federal district courts and state courts are separate jurisdictions. Identical cases between the same parties can be pending in each court at the same time. See *Baker, et al v. Harrison, Judge,* 247 Ark. 377, 445 S.W. 2d 498 (1969). It is the same situation as if identical cases between the same parties were pending in different states. In such a situation the

first forum to dispose of the case by trial enters a judgment that is binding on the parties.

Arkansas law does prohibit identical cases between the same parties from proceeding in different Arkansas counties. However, this is a matter of venue and not jurisdiction. See Ark. Stats. Ann. § 27-1115 (Repl. 1962).

Affirmed.

We agree: HARRIS, C.J., and FOGLEMAN and BYRD, JJ.