J & J BONDING, INC. *v.* STATE of Arkansas

97-48                                                     955 S.W.2d 516

Supreme Court of Arkansas
Opinion delivered November 13, 1997
[Petition for rehearing denied December 18, 1997.]

*Stuart Vess*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kelly Terry*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. This case concerns an appeal bond that was executed on January 5, 1994, on behalf of Gary D. Samples, who had been convicted of sexual abuse and sentenced. The appeal bond was issued by appellant J & J Bonding, Inc. On September 18, 1995, the Arkansas Court of Appeals issued its mandate following an affirmance of the judgment against Samples. On September 19, 1995, a copy of the mandate was filed with the Pope County Circuit Clerk.

On May 6, 1996, the circuit court entered an order for J & J Bonding to forfeit the appeal bond because Samples had failed to surrender himself to authorities. On July 16, 1996, a summons was issued by the circuit clerk to "James Milburn Houston d/b/a J & J Bonding Inc." That summons contained notice of a show-cause hearing to be held on August 14, 1996, at which time the court would determine whether the bond should be forfeited.

Although J & J Bonding was represented by counsel, counsel did not attend the hearing on August 14, 1996. According to

statements made by the circuit court at the show-cause hearing, counsel for the bonding company had sent a letter to the circuit court which included his arguments of why the bond should not be forfeited. James Houston, however, did attend the hearing and spoke on behalf of the bonding company. The circuit court remarked that the statutes referred to in counsel's letter were not applicable to an appeal-bond situation. The letter sent by counsel to the circuit court has not been made part of the record on appeal, and the statutes referred to by the circuit court were unidentified at the show-cause hearing.

Also, at the hearing, Houston advised the court that he had not received notice of the Court of Appeals mandate until July 16, 1996, when he was served with the summons and notice. As a consequence, he requested additional time to apprehend Samples. The circuit court ruled that Rule 6 of the Arkansas Appellate Rules – Criminal applied and that it did not provide for any additional time for the bonding company to apprehend a missing appellant.[1] The court ordered judgment to be entered against J & J Bonding in the amount of $50,000, which was the amount of the bond.

█ The bonding company now contends on appeal that the circuit court erred in its application of Rule 6 and in failing to apply the procedures in Ark. Code Ann. § 16-84-201 in forfeiting the appeal bond. We conclude that this argument is not preserved for our review because we are unable to determine from the record and abstract whether this argument was made to the circuit court and whether the circuit court ruled on it. *See Cosgrove v. City Of West Memphis*, 327 Ark. 324, 328, 938 S.W.2d 827 (1997); *see also Reeves v. Hinkle*, 326 Ark. 724, 934 S.W.2d 216 (1996); *Hardy Constr. Co. v. Arkansas State Hwy. & Transp. Dept.*, 324 Ark. 496, 922 S.W.2d 705 (1996). To be more precise, which statutes were brought to the circuit court's attention cannot

---

[1] The circuit court actually referred to Rule 36.5 of the Arkansas Rules of Criminal Procedure. Rule 36.5 was adopted March 27, 1995. It was replaced by Rule 6 of the Appellate Rules – Criminal, which was effective January 1, 1996. The forfeiture procedures under former Rule 36.5 and Rule 6 are essentially the same.

be determined from the record. Hence, the issue is procedurally barred.

J & J Bonding next argues that its due-process rights were violated because of insufficient notice of the Court of Appeals mandate, its lack of familiarity with Rule 6, and the absence of time in which to apprehend Samples before forfeiture. This argument has no merit. It is true that Houston raised some of these points at the show-cause hearing, but the arguments were not couched in terms of a constitutional violation. Moreover, on appeal, J & J Bonding adduces no caselaw or other authority for its due-process contention. When an appellant does not cite authority or make a convincing argument and when it is not apparent without further research that the point is well taken, we will affirm. *Qualls v. Ferritor*, 329 Ark. 235, 947 S.W.2d 10 (1997). There is also the fact that Rule 6 was in effect at the time of the show-cause hearing, and its procedures were followed by the circuit court with respect to (1) the order of the circuit court forfeiting the bond due to Samples's failure to surrender, (2) the summons and notice to J & J Bonding regarding the show cause hearing, (3) the hearing itself, and (4) the judgment of forfeiture. *See* Appellate Rules – Criminal, Rule 6(c).

In short, because the record does not include counsel's arguments raised in his letter to the circuit court, or the statutes counsel deemed relevant for the trial court's consideration, we will not address J & J Bonding's arguments concerning the retroactivity of Rule 6 or its potential conflict with state statutes. It is incumbent on the appellant to provide this court with an adequate record for review of the points raised on appeal. *Cosgrove v. City of West Memphis, supra*; *King v. State*, 325 Ark. 313, 925 S.W.2d 159 (1996).

Affirmed.