**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**
No. 97-1755

| | | |
|---|---|---|
| National Bank of Commerce, of El Dorado, Arkansas, Guardian of the Estate (only) of Ashley Marie Smits, A Minor; William J. Smits, Jr., Individually, and as Parent and Next Friend of Ashley Marie Smits, A Minor, | * * * * * * * | |
| Appellants, | * * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Dow Chemical Company; Steam Services, Inc.; Rofan Services, Inc.; EPCO, Inc. of Indiana, doing business as DowElanco, | * * * * * | [PUBLISHED] |
| Appellees. | * * | |

_____

Submitted: December 11, 1997
Filed: January 22, 1998

_____

Before FAGG, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Ashley Smits was born with severe birth defects. During her pregnancy, Ashley's mother had been exposed to Dursban LO (a pesticide) and Firefog 404 (a

reoderant).  Plaintiffs filed suit against various defendants contending that these chemical agents, either singly or in combination, were the cause of Ashley's abnormalities.  Plaintiffs retained experts who were willing to testify that the mother's exposure to Dursban LO and Firefog 404 proximately caused Ashley's birth defects.  After extensive discovery, depositions, numerous court hearings, including two full days of testimony, the district court[1] ruled that the testimony of plaintiffs' experts was not admissible as scientific evidence under Federal Rules of Evidence 702 and 703.  Specifically, the court concluded that the plaintiffs had not shown that the proffered testimony had a valid scientific foundation, as required by the Supreme Court in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), because it was not based on accepted scientific methodology for determining whether a chemical agent can cause birth defects in humans.  The district court granted summary judgment for all defendants.

Although we may not agree with the district court's analysis of Daubert in every detail, we find no abuse of discretion.  See General Elec. Co. v. Joiner, 66 U.S.L.W. 4036 (U.S. Dec. 15, 1997) (No. 96-188).  Given the complete analysis of the facts and the law by the district court, precedent of this circuit would not be substantially advanced by a detailed opinion by the court.  See 8th Cir. Rule 47B.  The decision of the district court is affirmed.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The Honorable G. Thomas Eisele, United States Judge for the Eastern District of Arkansas.