NATIONAL BANK OF COMMERCE (of El Dorado, Arkansas), Guardian of the Estate (Only) of Ashley Marie Smits, a Minor, and William J. Smits Jr., Individually, and as Parent and Next Friend of Ashley Marie Smits, a Minor *v.* THE DOW CHEMICAL CO., Rofan Services, Inc., And Epco, Inc., of Indiana d/b/a Dowelanco, Steam Services, Inc., Adams Pest Control of North Little Rock, Inc., John Doe #1, John Doe #2, Metro Builders & Restoration Specialists, Inc., John Doe #3, and John Doe #4

98-1148                                    1 S.W.3d 443

Supreme Court of Arkansas
Opinion delivered October 14, 1999

*Davidson & Associates, P.A.*, by: *Bobby D. Davidson; Bernard Whetstone;* and *Compton, Prewett, Thomas & Hickey, P.A.*, by: *Robert C. Compton*, for appellants.

*Wright, Lindsey & Jennings*, by: *Stephen R. Lancaster; Barnes & Thornburg*, by: *Joseph G. Eaton* and *William E. Padgett*, for appellees The Dow Chemical Co., Rofan Services, Inc. and Epco, Inc. of Indiana.

*Barber, McCaskill, Jones & Hale, P.A.*, by: *Michael J. Emerson*, for appellee Steam Services, Inc.

*Laser, Wilson, Bufford & Watts, P.A.*, by: *Richard N. Watts* and *Brian A. Brown*, for appellee Adams Pest Control.

*Hankins, Hicks, Madden & Blagg*, by: *Stuart W. Hankins* and *A. Vaughn Hankins*, for appellee Metro Builders & Restoration Specialists, Inc.

D ONALD L. CORBIN, Justice. Appellants National Bank of Commerce, as guardian of the estate of Ashley Marie Smits, and William J. Smits Jr., individually and as Ashley's parent and next friend, initiated this products–liability action on September 16, 1994, in the Pulaski County Circuit Court against Dow Chemical Company, a Delaware corporation; Rofan Services, Inc., a Delaware corporation and wholly owned subsidiary of Dow; Epco, Inc. of Indiana d/b/a DowElanco, an Indiana corporation; and two John–Doe defendants, manufacturers and distributors of a pesticide known as Dursban LO (collectively, the "pesticide defendants"). Appellants also sued Steam Services, Inc., a California corporation and manufacturer of a fire-reodorant product called Firefog 404. Additionally, Appellants named as defendants Adams Pest Control of North Little Rock, an Arkansas corporation; Metro Builders & Restoration Specialists, Inc., an Arkansas corporation; and two John–Doe defendants, applicators of the Dursban and Firefog products (collectively, the "applicator defendants").

Appellants' complaint originates from allegations that during her pregnancy, Ashley Smits's mother was exposed to Dursban and Firefog that ultimately caused Ashley's severe birth defects. Maria Smits, Ashley's mother, was employed at the Eagle Bank in Sherwood, Arkansas, during the early months of 1991. Ashley was conceived on or about January 16, 1991; Maria learned that she was pregnant on February 5, 1991. Ashley was born on September 20, 1991. On February 6, 1991, Adams Pest Control made a "crack and crevice" application of a 0.5% solution of Dursban in water around the baseboards of the interior of the bank. Maria Smits worked that day until two hours after Adams sprayed the pesticide.

One week later, on February 11, 1991, an electrical fire occurred at the bank. On that same day, Metro Builders & Restoration Specialists, Inc., applied Firefog to remove the odor left by the fire. Maria Smits also worked on this day and continued to work at the bank until early April 1991. In the instant case, Appellants claimed that the pesticide defendants, Steam Services, and the applicator defendants, either singly, or in combination, proximately caused Ashley's birth defects.

Prior to the instant suit in state court, on January 27, 1994, Appellants filed a case in federal court[1] against the pesticide defendants and Steam Services. Notably, Appellants elected not to join the applicator defendants to ensure complete diversity in federal court. On May 19, 1996, and December 30, 1996, respectively, the federal court granted Steam Services' and the pesticide defendants' motions for summary judgment after excluding the opinion testimony of Appellants' expert witnesses. In a sixty-six page opinion, the federal court dismissed Appellants' complaint. *See National Bank of Commerce v. Dow Chemical Co.*, 965 F. Supp. 1490 (E.D. Ark. 1996), *aff'd*, 133 F.3d 1132 (8th Cir. 1998). In reaching its decision, the federal district court concluded that

---

[1] Appellants originally filed suit against the pesticide defendants and Steam Services in both federal and state court. However, the state trial court dismissed the state action on March 21, 1996, pursuant to Ark. R. Civ. P. 12(b)(8). This court reversed that decision in *National Bank of Commerce v. Dow Chemical Co.*, 327 Ark. 504, 938 S.W.2d 847 (1997), holding that Rule 12(b)(8) did not apply, and permitted the cases to proceed simultaneously in federal and state court.

Appellants failed to show that the proffered expert testimony had a valid scientific foundation, as required by the Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Specifically, the federal court excluded Appellants' experts' testimony because it was not based upon accepted scientific methodology for determining whether a chemical agent can cause birth defects in humans. Subsequently, in *National Bank of Commerce*, 133 F.3d 1132, the Eighth Circuit Court of Appeals affirmed the district court's decision.

Following the federal court's decision dismissing Appellants' case against the pesticide defendants and Steam Services, the state trial court considered summary-judgment motions filed in the instant case by the pesticide defendants, Steam Services, and the applicator defendants. On June 3, 1998, after considering the motions, responses, pleadings of record, and statements of counsel, and subsequent to a hearing on May 15, 1998, the trial court granted Appellees' motions for summary judgment and dismissed Appellants' complaint. From that order comes the instant appeal, challenging the trial court's findings that (1) all issues raised in the state case could have been addressed in the federal action, and (2) *res judicata* or collateral estoppel bars further litigation in state court against all Appellees. We find no merit in Appellants' arguments, and we affirm the trial court's grant of summary judgment in favor of all Appellees.

Notably, Appellants also urge this court to consider the standards of admissibility of expert testimony pursuant to *Daubert*, 509 U.S. 579, and to issue a detailed opinion regarding *Daubert* "that will offer guidance to attorneys and the lower courts of this State." Although this appeal was originally filed in the Arkansas Court of Appeals, upon Appellants' motion to transfer, we accepted the case to consider an issue of substantial public interest. *See* Ark. Sup. Ct. R. 1-2(b)(4). However, Appellants seek an advisory opinion with regard to *Daubert*. The state trial court never ruled on the applicability of the *Daubert* standards nor on the admissibility of Appellants' expert testimony. Rather, the trial court ruled upon Appellees' summary-judgment motions and concluded that *res judicata* and collateral estoppel barred Appel-

lants' action. Accordingly, we address the merits of the summary-judgment issue only.

## I.   Standard of Review

■ In reviewing summary-judgment cases, this court need only decide if the trial court's grant of summary judgment was appropriate based on whether the evidence presented by the moving party left a material question of fact unanswered. Further, the moving party always bears the burden of sustaining a motion for summary judgment. All proof must be viewed in the light most favorable to the resisting party, and any doubts must be resolved against the moving party. The moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *See* Ark. R. Civ. P. 56; *Robert D. Holloway, Inc. v. Pine Ridge Add'n Resid. Prop. Owners*, 332 Ark. 450, 966 S.W.2d 241 (1998) (citing *McCutchen v. Huckabee*, 328 Ark. 202, 943 S.W.2d 225 (1997)).

■ Once the moving party makes a prima facie showing that it is entitled to summary judgment, the opponent must meet proof with proof by showing a material issue of fact. *Dillard v. Resolution Trust Corp.*, 308 Ark. 357, 824 S.W.2d 387 (1992). However, if a moving party fails to offer proof on a controverted issue, summary judgment is not appropriate, regardless of whether the nonmoving party presents the court with any countervailing evidence. *Collyard v. American Home Assurance Co.*, 271 Ark. 228, 607 S.W.2d 666 (1980).

## II.   Res Judicata

■ Appellants' first point on appeal contends that the trial court erred by granting summary judgment in favor of the pesticide defendants and Steam Services. In response, Appellees claim that the doctrine of *res judicata* mandates that we affirm the trial court's decision. We agree. *Res judicata*, or claim preclusion, bars the relitigation of a subsequent suit when (1) the first suit resulted in a judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) the first suit was fully contested in good faith; (4)

both suits involved the same claim or cause of action that was litigated or could have been litigated but was not; and (5) both suits involved the same parties or their privies. *Crockett & Brown, P.A. v. Wilson*, 314 Ark. 578, 864 S.W.2d 244 (1993).

█ █ We have also recognized that identical cases between the same parties may be pending in a federal court and a state court at the same time. *See Carter v. Owens-Illinois, Inc.*, 261 Ark. 728, 551 S.W.2d 209 (1977). However, the "first forum to dispose of the case" enters "a judgment that is binding on the parties." *Id.* at 730, 551 S.W.2d at 210. Accordingly, the federal district court's grant of summary judgment in favor of the pesticide defendants and Steam Services, both parties in the instant action, bars relitigation in the state trial court.

Applying the factors required to establish *res judicata*, we first note that the district court's entry of summary judgment constituted a final judgment on the merits, later affirmed by the Eighth Circuit Court of Appeals. An order granting summary judgment is a final adjudication on the merits that bars subsequent suits on the same cause of action. *See Magness v. McEntire*, 305 Ark. 503, 808 S.W.2d 783 (1991). Second, pursuant to 28 U.S.C. section 1332, the district court had proper diversity jurisdiction over Appellants' claims. Third, the federal case was fully contested in good faith, as demonstrated by the federal district court's and the Eighth Circuit's review of voluminous briefs, discovery materials, and oral arguments. In fact, the district court's opinion was over sixty-five pages.

Fourth, the federal and state complaints evidence that Appellants' claims against Appellees are identical in both cases. Both suits alleged that Ashley's mother's exposure to Dursban and Firefog caused Ashley's birth defects. Appellants contend that several fact issues remain, including the concentration of the Dursban solution and the existence of "new research." However, the record indicates that Appellants conceded in the federal suit the concentration of Dursban applied, and that either the district court or the Eighth Circuit considered the "new research."

█ In any event, Appellees correctly note that the existence of "new research" bears no relevance to the issue of *res judicata*. The exceptions to *res judicata* are (1) fraud or collusion in the

procurement of the first judgment, and (2) lack of jurisdiction. *Wells v. Arkansas Public Serv. Comm'n*, 272 Ark. 481, 616 S.W.2d 718 (1981). Neither exception is alleged here, and Appellants fail to offer any convincing argument or authority in support of their position urging this court to create a third exception to *res judicata*, namely, "new evidence." We do not consider assertions of error that are unsupported by convincing legal authority or argument, unless it is apparent without further research that the argument is well taken. *Grayson v. Bank of Little Rock*, 334 Ark. 180, 971 S.W.2d 788 (1998) (citing *Porter v. Harshfield*, 329 Ark. 130, 948 S.W.2d 83 (1997); *J&J Bonding, Inc. v. State*, 330 Ark. 599, 955 S.W.2d 516 (1997)).

■ Moreover, the United States Supreme Court, in *Daubert*, specifically addressed the policy of balancing "new research" in science with the objectives of law.

> Scientific conclusions are subject to perpetual revision. Law, on the other hand, must resolve disputes finally and quickly. . . . We recognize that, in practice, a gatekeeping role for the judge, no matter how flexible, inevitably on occasion will prevent the jury from learning of authentic insights and innovations. That, nevertheless, is the balance that is struck by Rules of Evidence designed not for the exhaustive search for cosmic understanding but for the particularized resolution of legal disputes.

*Daubert*, 509 U.S. at 597 (footnote omitted).

■ ■ Finally, both the state and federal cases involved the same parties or their privies. The addition of the applicator defendants in the state suit does not bar the application of *res judicata* with respect to the pesticide defendants and Steam Services. In *Crockett*, 314 Ark. 578, 864 S.W.2d 244, this court noted that the presence of additional defendants in a subsequent suit did not prevent the application of *res judicata* to those defendants named in the former suit. Significantly, this court has also held that:

> [A] plaintiff who deliberately selects his forum is bound by an adverse judgment therein in a second suit involving the same issues, even though defendant in the second suit was not a party, nor in privity with a party, in the first suit.

*Rose v. Jacobs*, 231 Ark. 286, 289, 329 S.W.2d 170, 172 (1959) (quoting 50 C.J.S. 293, § 763). In light of the foregoing, we con-

clude that the trial court did not err by granting summary judgment in favor of the pesticide defendants and Steam Services.

### III.  Collateral Estoppel

■ Appellants' second point on appeal asserts that summary judgment is inappropriate as to the applicator defendants. However, the applicator defendants suggest that the doctrine of collateral estoppel procedurally bars the suit against them.  Collateral estoppel, or issue preclusion, bars the relitigation of matters directly and necessarily litigated in a previous action.  Specifically, collateral estoppel requires that (1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and final judgment; and (4) a determination must have been essential to the judgment.  *Crockett*, 314 Ark. 578, 864 S.W.2d 244.

■ Here, although Appellants named the applicator defendants as additional parties in the state suit, the causation issue before the state court and the federal court was identical.  In the federal suit, Appellants litigated the issue of whether there was sufficient evidence to support a conclusion that Dursban and Firefog could have caused Ashley's birth defects.  Regardless of whether Appellants named the applicator defendants in the complaint, the causation issue before the state court remains the same.  Accordingly, in the absence of a genuine issue of material fact and given the federal courts' final judgments on the merits, we affirm the trial court's decision granting the applicator defendants' motions for summary judgment.

■ Viewing the evidence in the light most favorable to Appellants, resolving any doubts against Appellees, and finding that there remain no genuine issues as to material facts, we hold that the trial court did not err by finding that Appellees were entitled to a judgment as a matter of law.

Affirmed.

GAIL INMAN-CAMPBELL and TED SANDERS, Sp.JJ., join in this opinion.

GLAZE and IMBER, JJ., not participating.