# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60368

United States Court of Appeals
Fifth Circuit

**FILED**

February 7, 2014

Lyle W. Cayce
Clerk

In the Matter of:
FISH & FISHER, INCORPORATED, c/o James W. O'Mara,

Debtor.


MERCHANTS & FARMERS BANK,

Appellant,

versus

FRANK COXWELL; COXWELL & ASSOCIATES,

Appellees.


Appeal from the United States District Court
for the Southern District of Mississippi
No. 3:12-CV-549

No. 13-60368

Before SMITH, DeMOSS, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Merchants & Farmers Bank ("M&F") appeals the district court's affirmance of the bankruptcy court's Federal Rule of Civil Procedure 12(b)(6) dismissal for failure to state a claim and the denial of a motion to amend. We affirm.

I.

"We review a district court's affirmance of a bankruptcy court decision by applying the same standard of review to the bankruptcy court decision that the district court applied. We thus generally review factual findings for clear error and conclusions of law *de novo.*" *Liberty Mut. Ins. Co. v. Lamesa Nat'l Bank (In re Schooler)*, 725 F.3d 498, 503 (5th Cir. 2013) (internal quotation marks and citations omitted). In reviewing a ruling on a Rule 12(b)(6) motion, however, we take plaintiff's facts as true and decide whether those facts make out a "plausible" claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

M&F alleged that it obtained a perfected security interest in the accounts receivable of Fish & Fisher ("F&F") in exchange for a $681,000 loan on which F&F defaulted. F&F later obtained a significant arbitration award against one of its clients, hired appellee Coxwell & Associates ("Coxwell") to hold the award in trust and distribute it appropriately, and finally distributed the bulk of the proceeds to numerous creditors. No amount of the proceeds was

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

distributed to M&F despite the purported security interest. After this distribution, M&F and two other creditors forced F&F into involuntary bankruptcy, then Coxwell disbursed the remaining $91,972.87 of the $1.2 million award to F&F, with M&F still receiving nothing.

M&F alleged, against Coxwell, violations of constructive trust, negligence, and arguably conversion. The thrust of all of these claims is that M&F put Coxwell on notice via email that the arbitration award was its collateral, so Coxwell is liable for the entire amount of F&F's liability. Significantly, M&F also alleged that Coxwell disbursed the money "in violation of a prior Order of another Court."

## II.

We agree with the bankruptcy court that M&F fails to state a claim for constructive trust or negligence. M&F may have had a priority security interest in the arbitration award, but it did not allege that it had reduced its lien to judgment or obtained a writ of garnishment or replevin. Nor did it file its involuntary bankruptcy petition until after the distribution of the proceeds. It may be that F&F owes M&F money and that M&F is a secured creditor, but the proper mechanism for obtaining any money owed is the bankruptcy process. It may be that M&F can recover, from junior or unsecured creditors, its portions of the arbitration award under fraudulent-conveyance law or some other bankruptcy provisions, but those claims were not before the bankruptcy court and are not before us now. It may be, finally, that disbursing the money after the petition was filed violated the automatic stay, but that issue also is not before us.

The only question is whether Coxwell, hired by F&F to hold onto and distribute the arbitration proceeds, is somehow liable to M&F for F&F's liability. M&F posited theories of negligence and constructive trust and possibly

No. 13-60368

conversion. As for negligence, the bankruptcy court found that M&F had not alleged that Coxwell owed any duty to it, so it had failed to state the elements of a negligence claim. M&F does not raise any arguments on appeal with respect to that ruling.

As for constructive trust, we agree that—taken as true—M&F's facts are insufficient to defeat a Rule 12(b)(6) dismissal. As explained in the bankruptcy court's decision, under Mississippi law a constructive trust arises only where there has been fraud, duress, or abuse of confidence by the commission of a wrong or some unconscionable conduct or where there has been unjust enrichment. *See McNeil v. Hester*, 753 So. 2d 1057, 1064 (Miss. 2000); *Planters Bank & Trust Co. v. Sklar*, 555 So. 2d 1024, 1034 (Miss. 1990). M&F has not alleged any facts suggesting unconscionable conduct, fraud, or unjust enrichment.

III.

That leaves the conversion claim. The bankruptcy court ruled that M&F had abandoned it in its second amended complaint by omitting the word "converting" or "conversion," both of which were present in earlier versions of the complaint. M&F cites *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 601 (Former 5th Cir. Nov. 1981), for the proposition that as long as the elements of the claim are in the complaint, that is sufficient to raise that claim. We agree. M&F alleged that Coxwell "obtained possession and/or exercised control over the entire amount of the arbitration award to the exclusion of Bank and in defiance of Bank's ownership/lien rights." That is a sufficient recitation of the elements of conversion.

Whether M&F has alleged sufficient facts suggesting that it actually had ownership of those funds is another matter; the bankruptcy court ruled, in the alternative, that the conversion claim failed because M&F "did not present Coxwell with any proof of ownership of the funds." M&F, however, alleged that

Coxwell had disbursed the remaining funds "in violation of a prior Order of another Court."

We now assume, without deciding, that a conversion claim of this sort against an attorney is cognizable under Mississippi law. We also assume that such a claim requires knowledge on the part of the lawyer of a court order or some other knowledge that the lien has been reduced to judgment. Such a requirement would be consistent with the analogous and persuasive cases of *Grayson v. Bank of Little Rock*, 971 S.W.2d 788 (Ark. 1988), and *Northeast Bank of Lewiston & Auburn v. Murphy*, 512 A.2d 344, 346−48 (Me. 1986). At the very least, a successful conversion claim would require proof of ownership. *See Cmty. Bank, Ellisville, Miss. v. Courtney*, 884 So. 2d 767, 772 (Miss. 2004).

The question for our purposes is whether M&F has alleged sufficient facts to prevail on a Rule 12(b)(6) motion where all it alleges is that it sent an email to Coxwell stating, "As you know, the arbitration award is my client's collateral," and that Coxwell disbursed the funds "in violation of a prior Order of another Court." The bankruptcy court based its ruling solely on the email and did not address the allegation of the existence of an order from another court. These facts, nevertheless, are insufficient to defeat a Rule 12(b)(6) motion under *Twombly* and *Iqbal*.

Under the older Rule 12(b)(6) standard from in *Conley v. Gibson*, 355 U.S. 41 (1957), those allegations might be sufficient to state a claim. If there were in fact specific reference to, or attachment of, a court order of which Coxwell had knowledge that established M&F's possessory interest in the funds, then M&F might have a claim for conversion under the persuasive authority provided in *Grayson* and *Murphy*. *Twombly* and *Iqbal*, however, require that the plaintiff plead "enough facts" so that the claim is "plausible on its face," that is, so that it is more than merely "conceivable." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Fifth Circuit has fleshed out this pleading standard in numerous cases. In a products-liability tort case, for example, we dismissed a complaint because it

> does not specify the manufacturing defect; nor does it specify a causal connection between the failure of the specific manufacturing process and the specific defect in the process that caused the personal injury[; n]or does the complaint tell us how the manufacturing process failed, or how it deviated from the FDA approved manufacturing process.

*Funk v. Stryker Corp.*, 631 F.3d 777, 782 (5th Cir. 2011).

M&F has not pleaded sufficient facts from which reasonably to infer wrongdoing. The complaint did not specify what court issued the order, when it was issued, or to whom it was directed; the complaint did not describe what the order *required* and therefore whether the allegation of a violation is plausible or merely fantastical. Further, merely alleging a perfected security interest is insufficient to establish ownership, and the complaint did not describe whether the court order established M&F's possessory interest in the funds by reducing its claim to judgment. Reading the complaint, we are left with no inference of wrongdoing but only with the impression that we have basically no understanding of what happened, why it happened, and whether it was wrong that it happened. The pleading standard exists precisely to avoid such lack of clarity so that defendants may be put on notice of the factual and legal bases of claims. The bankruptcy court did not err in dismissing for failure to state a claim.

## IV.

M&F moved to amend the complaint for a third time. The bankruptcy

court denied the motion on the ground of undue delay and alternatively on the ground that M&F's new facts did not cure the factual insufficiency. We agree that the new facts do not fix the insufficiency. M&F's new facts are solely intended to buttress its allegation that Coxwell was aware that M&F was claiming a security interest in the proceeds. Because the new evidence does nothing to flesh out what Coxwell was required to do with that knowledge, whether M&F in fact had a present possessory interest in the funds, and why the action Coxwell did take was unlawful, it does nothing to cure the deficiencies of the second amended complaint.

The judgment of the district court, affirming the bankruptcy court's judgment of dismissal, is AFFIRMED.